IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Greg A. Hadley,<br><br>          Plaintiff,<br><br>Vs<br><br>Air Transport Services Group, Inc.,<br><br>          Defendant. | Civil Action No. 9:25-cv-10396-RMG-MGB<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaining of the Defendant alleges that:

**PARTIES AND JURISDICTION**

1. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621 *et seq*.

2. At all relevant times, Plaintiff was an employee of Defendant, Air Transport Services Group, Inc. ("Defendant" or "ATSG").  Plaintiff is a resident of Beaufort County, South Carolina.

3. Defendant is a corporation organized and existing under the laws of the State of Delaware which conducts business in South Carolina and employs one or more individuals who work remotely in South Carolina.

4. Defendant is an "employer" within the meaning of the ADEA and employed fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

1

5.     Prior to filing this civil action, Plaintiff filed a Charge of Discrimination for Age Discrimination with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission ("EEOC").

6.     On May 13, 2025, the EEOC granted Plaintiff a Notice of a Right to Sue.

7.     Plaintiff has fully exhausted all of his administrative remedies, and this action is timely.

## FACTUAL ALLEGATIONS

8.     Plaintiff worked for Defendant from December 1, 2015, through March 31, 2024, as an Associate General Counsel.

9.     At all relevant times, throughout the duration of Plaintiff's employment with Defendant, his performance met or exceeded the reasonable expectations of his employer.

10.    Plaintiff originally worked out of the Defendant's corporate offices in Wilmington, Ohio. However, when Plaintiff decided to move to South Carolina in or around July, 2016, Plaintiff's former supervisor, Joe Payne ("Payne"), asked Plaintiff if he was willing to work for Defendant remotely out of his home office in South Carolina and Plaintiff agreed to do so.

11.    Plaintiff was the oldest attorney in Defendant's legal department during his employment and consistently received positive performance evaluations throughout his employment.

12.    In or around April of 2017, Plaintiff witnessed the Company decline to interview a qualified candidate, David Santez, who was approximately 60 years old at the time. The candidate met or exceeded all qualifications and requirements for the open position and

was willing to accept the salary ATSG offered.  However, Payne stated to Plaintiff that, upon consulting with then-CEO Joe Hete ("Hete"), they determined that the candidate was "too old" to be considered for employment.

13. At that time, Plaintiff told Payne that the Defendant was obviously discriminating against the qualified candidate solely on the basis of his age and Payne abruptly hung up the phone on Plaintiff.

14. Approximately six months after discriminating the qualified candidate, the Defendant finally filled the open position by hiring a then 29 year old attorney, Tim Allen, who didn't meet all of the qualifications and requirements of the position.

15. In August, 2023, Plaintiff received a merit increase below market and below the rate of inflation. When Plaintiff inquired why it was so low, Payne stated in an August 25, 2023 email that it was due to a current "hiring freeze in place" at Defendant and "austerity measures in place" at the Defendant.

16. Contrary to those statements and just a couple months later, in October 2023, Payne hired a young attorney in his 30s, Peter Hilton ("Hilton"), for a newly created position that allowed for hybrid remote work.  Hilton works remotely two days a week for the Defendant.

17. On December 20, 2023, Payne called Plaintiff and informed him that either Hete or then-Chief Commercial Officer (now CEO) Mike Berger ("Berger"), he said he couldn't remember which one, had mandated the elimination of <u>all</u> remote work at ATSG and that Plaintiff must either relocate to Wilmington, Ohio, or commute each week at his own expense, or face termination.

18. At that time, Payne also told Plaintiff that he was being pressured to develop a succession plan upon his retirement and that he wanted Plaintiff to relocate back to its corporate offices to be a part of any succession plan. Since Plaintiff is about a year older than Payne and was the oldest attorney in the department, he told Payne that it was illogical that he would be considered as a successor.

19. Payne was aware that Plaintiff was unlikely to relocate or commute approximately 700 miles one-way, solely at his own expense, rendering the purported no remote work mandate an effective termination.

20. Defendant did not eliminate all remote work at ATSG by the end of 2023, as Payne stated.

21. Defendant terminated Plaintiff on or about March 31, 2024. The Company subsequently hired and replaced Plaintiff with another substantially younger attorney, David M., approximately 22–23 years younger than Plaintiff, into a role advertised as hybrid remote (3 days in-office), contrary to Defendant's supposed no remote work policy.

22. Defendant refused to offer severance pay to Plaintiff, despite his tenure and status, claiming that its three months' notice of separation was in lieu a severance payment to him. In reality, the three months' notice was for the Defendant's benefit, so that Plaintiff could complete the needed legal work while Defendant searched for a younger and cheaper replacement for Plaintiff. This rationale deviates from how severance is routinely offered by the Defendant to younger, less-tenured employees, even to those who are terminated for performance reasons.

23. Payne later admitted in a March 20, 2024, email that the Company would not offer Plaintiff any severance pay. The email reflects the Company's final position.

24.     Defendant's stated reasons for termination and denial of severance were false and pretextual. The real reason for Plaintiff's termination was age discrimination, as evidenced by the succession planning conversation, discriminatory hiring patterns, and replacement by substantially younger attorneys.

25.     Plaintiff's age was a motivating factor in Defendant's decision to terminate his employment and deny him severance.

## FOR A FIRST CAUSE OF ACTION
### (Age Discrimination in Employment Act - 29 U.S.C. § 621 et seq.)

26.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

27.     Plaintiff was qualified for his position and performed his job duties competently.

28.     Defendant terminated Plaintiff and denied him severance because of his age.

29.     Defendant's actions constitute willful violations of the Age Discrimination in Employment Act.

30.     As a result, Plaintiff has suffered lost wages, benefits, and other damages.

31.     Defendant acted indifferently to the federally protected rights of Plaintiff, thereby justifying an award of punitive damages in accordance with the provisions of § 1977A of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

32.     Plaintiff is entitled to compensatory damages, punitive damages, and attorney's fees and costs.

**WHEREFORE,** Plaintiff, demands a trial by jury and respectfully prays for judgment against the Defendant for back pay, front pay, lost benefits of employment, compensatory damages, punitive damages, and attorney's fees and costs.

(Signature Block on Following Page)

                    Respectfully submitted,

                    s/Jack E. Cohoon
                    Jack E. Cohoon (Fed. Bar No. 9995)
                    BURNETTE SHUTT & MCDANIEL, PA
                    912 Lady Street, Suite 200 (29201)
                    P.O. Box 1929
                    Columbia, South Carolina 29202
                    Telephone: (803) 904-7914
                    Fax: (803) 904-7910
                    jcohoon@burnetteshutt.law

                    **ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

August 11, 2025