**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Greg A. Bradley, | Case No. 9:25-10396-RMG |
| Plaintiff, | |
| v. | |
| Air Transport Services Group, Inc., | **ORDER** |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, (Dkt. No. 20), recommending that Defendant's motion to dismiss for lack of personal jurisdiction, (Dkt. No. 10), be granted and that this matter be dismissed or, alternatively, transferred to the Southern District of Ohio. For the reasons stated below, the Court adopts the R&R as the order of the court and transfers this action to the Southern District of Ohio.

## I.    Background

Plaintiff sued Defendant alleging age discrimination under the Age Discrimination in Employment Act. (Dkt. No. 20 at 1). Defendant moved to dismiss Plaintiff's case based on lack of personal jurisdiction and Plaintiff opposed Defendant's motion. (*Id.* at 3).

The Magistrate Judge issued a detailed R&R, (Dkt. No. 20), recommending that Defendant's motion be granted because there was no personal jurisdiction over Defendant in South Carolina. The Magistrate Judge also determined that venue was improper. (*Id.* at 11-12) (finding events and decisions underlying complaint occurred in Ohio).  As an alternative to dismissal, however, the Magistrate Judge recommended transferring this action to the Southern District of Ohio, the district where Defendant has its principal place of business.

1

Plaintiff filed objections to the R&R to which the Defendant filed a reply. (Dkt. Nos. 21, 23).

The matter is fully briefed and ripe for the Court's consideration

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## III.     Discussion

After a de novo review of the record, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that this Court lacks personal jurisdiction over Defendant. Accordingly, the Court adopts the R&R as the order of the court and transfers this action to the Southern District of Ohio. The Court provides factual context for addressing Plaintiff's objections to the R&R.

Defendant hired Plaintiff while Plaintiff was living in Ohio. (*Id.* at 1); Plaintiff Declaration, (Dkt. No. 16-1 at 2). After around five or six months, Plaintiff told his supervisor that he "planned to move to" South Carolina, and "intended to resign." (Dkt. No. 16-1 at 2). Defendant wanted to keep Plaintiff, however, and "asked" Plaintiff if he "would be willing to continuing working . . . remotely from South Carolina." (*Id.*). Plaintiff "agreed to work remotely." (*Id.*). Defendant then provided Plaintiff with two company phones and various pieces of computer equipment to

facilitate Plaintiff's remote work setup. (*Id.* at 4). Defendant remitted Plaintiff's wages to South Carolina and paid South Carolina employment taxes. (Dkt. No. 20 at 8). Additionally, Defendant arranged "the Legal Department's work flow" to account from Plaintiff working from home. (*Id.*).

The R&R correctly determined that the above does not constitute purposeful availment by Defendant such that Defendant is subject to personal jurisdiction in South Carolina. *See* (Dkt. No. 20 at 7-10) (noting, for example, that Defendant is a Delaware Corporation with its principal place of business in Ohio, that Defendant's legal department is located in Ohio, that Defendant does not maintain any offices or agents in South Carolina [except an agent for service of process], that Defendant does not own real property in South Carolina, that Defendant's legal department does not specifically recruit in South Carolina, that Defendant had no in-person contact with Plaintiff in South Carolina, and communications from Defendant to Plaintiff originated in Ohio). *See Fields v. Sickle Cell Disease Association of America, Inc.*, 376 F. Supp. 3d 647, 653 (E.D.N.C. 2018), *aff'd*, 770 F. App'x 77 (4th Cir. 2019) (plaintiff's decision to work remotely from North Carolina was a "unilateral decision" that the foreign Maryland defendant employer merely "accommodated" and thus dismissed for lack of personal jurisdiction). Said simply, "Plaintiff made the decision to move to South Carolina without Defendant's input." (Dkt. No. 20 at 8). And, in order to maintain Plaintiff as an employee, Defendant offered Plaintiff the opportunity to work remotely, which he accepted. (*Id.*). These facts do not show personal availment on *Defendant's* part. *See Higgins v. Catalyst Exhibits*, No. 9:20-CV-3424-BHH, 2021 WL 3886597, at *3 (D.S.C. Aug. 31, 2021) ("Under specific jurisdiction . . . a defendant may be sued in the forum state if the litigation results from alleged injuries that arose out of or is related to the defendant's contacts with the forum state, and those contacts were sufficient.") (citing *Helicopteros Nacionales de Colombia*, *S.A. v. Hall*, 466 U.S. 408, 414 (1984)); *Id.* at *3-4 (rejecting plaintiff's argument that employer's management

3

of plaintiff's employment through phone calls and emails directed to forum state were sufficient to establish minimum contacts). As the R&R notes, the instant action principally arises from "events and decisions taking place at Defendant's headquarters in Ohio," not South Carolina. (Dkt. No. 20 at 9).

Plaintiff filed numerous objections to the R&R, but none are convincing. First, Plaintiff claims that the Magistrate Judge departed from the "prima facie standard" by "adopting Defendant's characterization of the key disputed facts" and discrediting "Plaintiff's sworn testimony." (Dkt. No. 21 at 3). Specifically, Plaintiff contends that the R&R wrongly found that "Defendant did not reach into South Carolina to initiate or solicit business with Plaintiff." (*Id.* at 4-5). In Plaintiff's view, "[Defendant] affirmatively requested that Plaintiff continue working from South Carolina rather than accept his resignation," and that this "affirmative" request shows Defendant's purposeful availment. (*Id.* at 5).

The Court rejects Plaintiff's objection, which is a transparent attempt to wordsmith around Plaintiff's own affidavit, cited above. Said simply, there is no factual dispute here. Plaintiff was hired in Ohio, worked in Ohio, told Defendant he was moving to South Carolina, and Defendant, in an effort to retain Plaintiff, offered Plaintiff the opportunity to work remotely. True, Defendant "affirmatively" offered Plaintiff the opportunity to work remove. *See* Cambridge Dictionary, "Affirmatively" ("in a way that shows agreement or means 'yes' "). But only because Plaintiff had *already chosen* to leave Ohio, a fact even Plaintiff admits. *See* (Dkt. No. 21 at 5) (admitting that Defendant "would not have asked Plaintiff to work remotely from South Carolina had he not been moving there"). This case is clearly analogous to both *Higgins* and *Fields*, cited above. Accordingly, the Court overrules Plaintiff's objection that the Magistrate Judge applied an erroneous standard.

4

Second, Plaintiff claims that the R&R's "purposeful availment analysis" is flawed. (*Id.* at 7). Plaintiff contends that adequate "data point[s]" exist showing Defendant's purposeful availment. These include the fact that Defendant (1) maintained an agent for process in South Carolina; (2) shipped Plaintiff electronic equipment to use for his remote work set up; and (3) hired "an IT systems administrator who began working from" South Carolina in 2025. (*Id.* at 8). Plaintiff also alludes to the R&R's supposed refusal to "consider Defendant's significant and long-term business activities in South Carolina" through subsidiaries. (*Id.* at 9-10) (describing Defendant's subsidiaries' leasing of aircrafts to third parties in South Carolina); *see also* (*id.*) (arguing fact Plaintiff performed duties in South Carolina is relevant to purposeful availment).

The Court overrules the above objections. The R&R considered and determined that Defendant's shipment of electronic equipment to Plaintiff in South Carolina did not shift the balance in finding Defendant lacked minimum contacts—namely because, as noted above, Plaintiff was hired in Ohio, moved to South Carolina of his own volition, and Defendant merely accommodated Plaintiff's desire to work remotely. The other arguments Plaintiff raises do not change this conclusion. Plaintiff's claims do not *arise out* of Defendant's having an agent for process in South Carolina or hiring an IT administrator. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009) ("The minimum contacts test requires the plaintiff to show that the *defendant* purposefully directed his activities at the residents of the forum and that the plaintiff's cause of action *arise out of those activities*.") (internal quotation marks removed and emphasis added). Further, the fact Plaintiff performed his work remotely in South Carolina is likewise not sufficient to establish minimum contacts. *Perry v. Nat'l Ass'n of Home Builders of United States*, No. CV TDC-20-0454, 2020 WL 5759766, at *4 (D. Md. Sept. 28, 2020) (explaining that "[p]urposeful availment [] focuses on contacts that the Defendant purposefully

5

initiated to target the forum state, not unilateral contacts by the plaintiff," and concluding that there was no purposeful availment because, among other things, the plaintiff "ha[d] not alleged that [defendant] recruited her for her job because she resided in Maryland" (emphasis added)). Plaintiff's objections are overruled.

To summarize, the R&R correctly determined that Defendant did not purposely avail itself of South Carolina. *See Consulting Engineers Corp.*, 561 F.3d at 278 ("This court has synthesized the due process requirements for asserting specific personal jurisdiction in a three part test in which we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.") (internal quotation marks omitted). As the R&R correctly explained, Plaintiff cannot establish prong one. Further, to the extent Plaintiff objects to the R&R declining to address prong two, the Court overrules that argument too. *See* (Dkt. No. 21 at 11). As noted above, the actions Plaintiff cites as evidence of Defendant's contacts with South Carolina either originate with *Plaintiff* or do not give rise to Plaintiff's claim. *E.g.,* (*id.* at 8-10) (discussing unrelated subsidiaries and a remote IT administrator). At bottom, the R&R correctly determined that this Court does not have personal jurisdiction over Defendant. Further, for substantially the same reasons, the Court overrules Plaintiff's argument that the R&R incorrectly determined that venue was improper in South Carolina, (*id.* at 12-13), because the events giving rise to this dispute occurred in Ohio, not South Carolina.

In lieu of dismissing this action, however, the Court transfers it to the Southern District of Ohio under 28 U.S.C. § 1406(a). *Id.* ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought."); (Dkt. No. 21 at 13) (requesting transfer to S.D. Ohio); (Dkt. No. 23 at 12-13) (not opposing transfer).

### Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 20) as the Order of the Court, **GRANTS** Defendant's motion to dismiss (Dkt. No. 10) to the extent that it finds personal jurisdiction is lacking over Defendant in South Carolina but transfers this action to the South District of Ohio under 28 U.S.C § 1406(a) in lieu of dismissal.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 24, 2026
Charleston, South Carolina